CANDELARIO LÓPEZ FAGUNDO, demandante y apelante *v.* EL MUNICIPIO DE PATILLAS, demandado y apelado.

No. 3547.—*Visto:* Mayo 29, 1925. *Resuelto:* Diciembre 23, 1925.

CONTRATOS—INTERPRETACIÓN Y ''OPERATION''—INTENCIÓN DE LAS PARTES CONTRATANTES.—Una persona que, a virtud de un contrato, se compromete a *tramitar un empréstito* hasta su terminación, exceptuando la venta de bonos, viene obligada a hacer todas las gestiones y diligencias necesarias, ante el organismo correspondiente del gobierno, conducentes a la aprobación del mismo, y no puede alegar que sus servicios empezaban después de la aprobación cuando la venta de los bonos quedó excluida del contrato por la ordenanza en que se basó el mismo.

SENTENCIA de *Gabriel Castejón,* J. (Guayama), declarando sin lugar la demanda y desestimando reconvención, sin costas. *Confirmada.*

*González Fagundo & González, Jr.,* abogados del apelante; *Manuel A. Martínez Dávila,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

El demandante en una acción de daños y perjuicios por incumplimiento de contrato por servicios que se alega fue-

ron prestados por él, establece apelación de la sentencia dictada contra él y dice:

"La Corte de Distrito de Guayama cometió error al interpretar el contrato celebrado entre el demandante y el demandado, y las obligaciones que se impuso por dicho contrato al referido demandante.

"La Corte de Distrito de Guayama cometió error al apreciar la prueba."

Las conclusiones de hecho y de derecho basadas en las mismas y emitidas por el juez de la corte inferior son como sigue:

"Los hechos del presente caso según aparecen de las pruebas aportadas son los siguientes:—El Municipio de Patillas a virtud de una ordenanza de 19 de febrero de 1923 autorizó la contratación de un empréstito por la suma de $80,000.00 para llevar a cabo varias obras de utilidad pública y entre las cláusulas de dicha ordenanza figura la contenida en la Sección 14 de la misma cuya copia es como sigue:—'Sección 14.—El Comisionado Municipal de Servicio Público, Policía y Prisiones de Patillas, Puerto Rico, por la presente queda autorizado para designar, si lo creyere conveniente, una persona que se haga cargo de la tramitación y documentación de este empréstito hasta su realización exceptuando la venta de los bonos, la cual se hará por medio de subasta, que se publicará en Puerto Rico y en Washington y New York.'—Por virtud de la citada cláusula se llevó a cabo el contrato celebrado entre demandante y demandado, ya transcrito, y para dar cumplimiento al mismo se presentó tal ordenanza por el demandante al Consejo Ejecutivo para su ejecución, digo, para su aprobación siendo desaprobada por defecto de que adolecía la misma en 25 de mayo de 1923.—Posteriormente o sea en julio 26 de 1923 se aprobó por el Municipio de Patillas otra ordenanza sobre el mismo empréstito corrigiendo los defectos anotados en la primera la cual llegó al Consejo Ejecutivo pues obra en autos copia certificada de la misma expedida por el Secretario de dicho Centro sin que aparezca se tomara acción alguna sobre tal ordenanza. Más tarde o sea para el 10 de septiembre de 1923 se aprobó por el citado Municipio otra ordenanza con el mismo propósito y fin que las anteriores, la cual fué aprobada por el Consejo Ejecutivo en dos de noviembre de 1923.

"Las gestiones para la aprobación por el Consejo Ejecutivo de la primera ordenanza o sea la de 19 de febrero de 1923 estuvieron a

cargo del demandante y fracasaron pues fué desaprobado.—En cuanto a la segunda de julio 26 de 1923 estuvo extraviada en los distintos Centros del Gobierno hasta el punto de tener que acudir los representantes del Municipio personalmente a San Juan y encargar al Sr. Gorbea, Jefe de Asuntos Municipales en Auditoría, para la redacción de otra nueva, la que fué acordada por el Municipio en septiembre 23 (?) de 1923 y aprobada en noviembre 2 de 1923 por el Consejo Ejecutivo.—Por los términos del contrato celebrado entre las partes la obligación del demandante era encargarse de la tramitación del empréstito haciendo por su cuenta todos los gastos que se originaran.

''¿ Cumplió el demandante su gestión con la diligencia e interés que el asunto requería? La primera ordenanza fué aprobada en febrero de 1923 y en septiembre, siete meses después, cuando la Comisión del Municipio fué a San Juan la ordenanza no se encontraba y hubo que hacerla de nuevo y someterla otra vez a la consideración de la Asamblea y a su vez del Consejo Ejecutivo para su aprobación.—Cuyos hechos no demuestran que el demandante actuara con la diligencia a que estaba obligado por el contrato dado el interés y la importancia del asunto cuya tramitación se le confiara.

''Siendo muy dudoso si el contrato que se celebrara entre las partes a virtud de la ordenanza de 19 de febrero de 1923 sería obligatorio para las partes el quedar dicha ordenanza sin efecto a virtud de haberse aprobado las dos posteriores de julio 26 y septiembre 10 de 1923 a que hemos hecho mención.—En conclusión, la Corte entiende que el demandante no ha probado haber cumplido debidamente con las obligaciones que le imponía el referido contrato, demostrando la prueba por el contrario que fué negligente en el cumplimiento de las mismas.—En cuanto a la reconvención no existe prueba a nuestro juicio que sostenga la misma y procede su desestimación.—Somos pues de opinión que procede declarar sin lugar tanto la demanda cuanto la reconvención, sin especial condena de costas.''

Los hechos 2 al 5 inclusive del contrato de referencia dicen lo siguiente:

''2º Que de acuerdo con la sección 14 de la ordenanza aprobada por la referida Asamblea Municipal de Patillas, P. R., para la contratación de un empréstito de $80,000.00 para dedicarse su producto a la construcción de obras de utilidad pública y para otros gastos autorizados por la ley, se faculta al Comisionado de Servicio Pú-

blico, Policía y Prisiones, para que si lo creyere conveniente designe una persona que se haga cargo de la tramitación y documentación de este empréstito hasta su realización, exceptuando la venta de los bonos.

"3⁰ Que de acuerdo con lo dispuesto o expresado en el párrafo anterior el Sr. Méndez en su carácter de tal Comisionado de Servicio Público, Policía y Prisiones de Patillas, P. R., designa al Sr. Candelario López Fagundo para que como tal agente se haga cargo de la tramitación y documentación de este empréstito asignándole en pago de sus servicios una prima de un cuarto por ciento del montante total del empréstito, o sea la cantidad de ᴛʀᴇs ᴍɪʟ ᴅᴏsᴄɪᴇɴᴛᴏs ᴅᴏʟʟᴀʀs que percibirá el Sr. López tan pronto el importe del empréstito haya ingresado en estos fondos municipales.

"4⁰ El Sr. Candelario López Fagundo estará obligado a practicar todas las diligencias hasta la terminación de la documentación del empréstito debiendo sufragar todos los gastos que se originen en tal tramitación.

"5⁰ El Sr. López Fagundo acepta y se compromete a cumplir lo estipulado y pactado en las cláusulas precedentes en la forma más solemne de derecho."

El contrato fué interpretado por la conducta de las partes en relación con el mismo, y especialmente por la actividad del demandante hasta la fecha en que se presentó la segunda ordenanza al Consejo Ejecutivo. En realidad estas actividades fueron los únicos servicios ciertamente prestados. Después de tal presentación de la ordenanza el demandante, de acuerdo con su propia declaración, no hizo nada sino que esperó la resolución del Consejo Ejecutivo. Ahora insiste en que de acuerdo con el contrato sus servicios habían de empezar después de la aprobación de la ordenanza por el Consejo Ejecutivo. Pero después de tal aprobación nada había que hacer sino proceder a solicitar postores y a verificar la venta de los bonos, habiendo quedado dicha venta necesariamente excluída del pensamiento de las partes por los términos expresos de la ordenanza en la cual se basaba el contrato.

Hubo cierto conflicto en la prueba, pero de los autos no

aparece ningún error que requiera la revocación de la sentencia basado en la apreciación de la prueba.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.